UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNEST HARRIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14-CV-1752 (CEJ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's motion for summary judgment. Plaintiff, who proceeds *pro se*,[1] was granted an extension of time to file a response in opposition but failed to do so by the deadline.

Plaintiff Ernest Harris fell while on the grounds of the Jefferson Barracks Veterans Affairs Medical Center ("Jefferson Barracks") and sustained severe injuries. He brings suit for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*. (FTCA). He seeks $7,500,000 in damages, together with post-judgment interest.

I. **Background**[2]

On September 19, 2013, plaintiff was admitted to the Jefferson Barracks facility for inpatient treatment of depression with suicidal ideation. At the time he was admitted, plaintiff used a walker because he had difficulty with walking and

---
[1] Plaintiff was represented by counsel when he filed this action. On July 27, 2015, counsel filed a motion to withdraw, citing an irresolvable conflict. Counsel's motion was granted and new counsel has not entered an appearance on plaintiff's behalf.
[2] Defendant filed a statement of uncontroverted material facts, which are deemed admitted because plaintiff has not filed an opposition. E.D. Mo. L.R. 4.01(E) ("All matters set forth in the statement of [uncontroverted facts] shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.")

balance. Plaintiff's Dep., Doc. #18-1 at 125-26. He also had neuropathy and unsteadiness in his hands. Id. at 76, 88.

At approximately 3:00 p.m. on September 26, 2013, plaintiff was among a group of patients walking along a sidewalk to recreational group therapy. Plaintiff was using his walker. Id. at 98-99, 155. He was walking near the edge of the sidewalk side by side with another patient. Id. at 140, 174. As he navigated a curve, the left front wheel of his walker rolled off the edge of the sidewalk. Id. at 112, 138, 140. The wheel got caught between the sidewalk and the grass. Id. at 139. Plaintiff was unable to maintain his balance and fell on his right side, hitting his hip and head. Id. at 105, 133, 153. Plaintiff was examined by the staff psychiatrist at about 4:00 p.m. Medical Records, Doc. #18-2 at 4. On examination, plaintiff rated the pain in his right hip at 10 on a 10-point scale. He also complained of pain in his right ankle. X-rays taken the following day revealed that he had sustained a fracture to his right hip. Id. at 7 (noting that x-ray shows fracture at neck of femur). Plaintiff was transferred to the John Cochran VA Medical Center ("Cochran Medical Center") the following day and, on September 28, 2013, underwent surgery to repair the hip fracture.[3] Id. at 14-16.

According to the medical records, plaintiff told staff on the psychiatry unit at Jefferson Barracks that he fell because he tripped over his shoes. Id. at 4-7. At deposition, plaintiff denied making such statements and asserted that the nurses had fabricated the records. Doc. #18-1 at 106-08. Plaintiff reported to the medical staff at the Cochran Medical Center that he fell when his walker got caught on a concrete ledge or the edge of the sidewalk. Doc. #18-2 at 8-11, 14).

---

[3] Plaintiff does not claim damages for medical malpractice of any kind. Doc. #18-1 at 82.

2

## II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## III. Discussion

The FTCA waives the sovereign immunity of the United States and renders it liable in tort "in the same manner and to the same extent as a private individual under like circumstances, but [it] shall not be liable for interest prior to judgment or

3

for punitive damages." 28 U.S.C. § 2674. The law of Missouri, as "the law of the place where the act or omission occurred," provides the substantive law applicable to plaintiff's negligence claim. 28 U.S.C. § 1346(b)(1).

Under Missouri law, to prove a claim of negligence a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff. Lesch v. United States, 612 F.3d 975, 981 (8th Cir. 2010) (citing Lopez v. Three Rivers Elec. Co-op., Inc., 26 S.W.3d 151, 155 (Mo. 2000)). With respect to premises liability, the status of an entrant on the land, *i.e.*, whether the entrant is a trespasser, licensee, or an invitee, determines the specific duty of care owed by the possessor of land. Medley v. Joyce Meyer Ministries, Inc., 460 S.W.3d 490, 495 (Mo. Ct. App. 2015) (citation omitted). In this case, plaintiff was an invitee of the Jefferson Barracks VA Medical Center.

The duty owed to an invitee by the owner of the premises is the exercise of reasonable and ordinary care in making the premises safe. Morrison v. St. Luke's Health Corp., 929 S.W.2d 898, 903 (Mo. Ct. App. 1996) (citation omitted). An injured invitee must show that: (1) a dangerous condition existed on the defendant's premises which involved an unreasonable risk; (2) defendant knew or by using ordinary care should have known of the condition; (3) defendant failed to use ordinary care in removing or warning of the danger; and (4) as a result, the plaintiff was injured. Rycraw v. White Castle Sys., Inc., 28 S.W.3d 495, 499 (Mo. Ct. App. 2000). "Ordinary care" is the "degree of care that an ordinarily careful person would use under the same or similar circumstances." Roberson v. AFC

4

Enters., Inc., 602 F.3d 931, 934 (8th Cir. 2010) (citing Lopez v. Three Rivers Elec. Co-op., Inc., 26 S.W.3d 151, 158 (Mo. 2000)).

Plaintiff has failed to present any evidence that there was a dangerous condition that involved an unreasonable risk to invitees. See Rycraw, 28 S.W.3d at 499 (stating there is no foundation for premises liability without some testimony or other evidence from which it can be inferred that there was a dangerous condition). In his complaint, plaintiff alleges that he fell because the wheels on his walker got entangled in overgrown vegetation. Complaint, Doc. #1 at ¶10. At deposition, however, plaintiff stated that he fell because his wheel rolled over the edge of the sidewalk and got caught between the grass and the sidewalk. He could not say whether that was due to vegetation or not. Doc. #18-1 at 154 (Q: "Did your walker become entangled in weeds and vegetation causing you to fall?" A: "I couldn't answer that. I don't know."); 156 (Q: "Did the grass have anything to do with your wheel going off the edge?" A: "I don't know. I couldn't say that."). Indeed, plaintiff testified that the issue of vegetation came up for the first time when he talked with an attorney. Id. at 176. The only evidence plaintiff has presented that a dangerous condition existed on the Jefferson Barrack's grounds is his own vague testimony that there was a groove or a ledge at the edge of the sidewalk. But he has presented no evidence that such a groove or ledge existed or that, if it did exist, it presented an unreasonable risk. Furthermore, there is no evidence of prior complaints or any other evidence from which a reasonable jury could infer that defendant knew or should have known about a dangerous condition. See Roberson, 602 F.3d at 934 (plaintiff did not offer any evidence that defendant had an opportunity to observe or know about the alleged dangerous condition before she

fell); Fever v. Westin, St. Louis, No. 4:12CV9 SNLJ, 2013 WL 5966046, at *3 (E.D. Mo. Nov. 8, 2013) (plaintiff did not offer any evidence to show that defendant had an opportunity to observe or know about any alleged dangerous condition before plaintiff fell). Because plaintiff failed to present sufficient evidence that would allow a reasonable jury to find the defendant knew, or by using ordinary care should have known, that the condition of sidewalk or the area adjacent to the sidewalk constituted a dangerous condition, he cannot prove one of the necessary elements of his premises liability claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #16] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2016.